# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LIN CRAWFORD and VIVIAN
CRAWFORD,

       Plaintiffs,

   -vs-                                                                No. CIV 99-0077 JC/JHG (ACE)

UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion to Amend Judgment and to Reinstate, filed October 29, 1999 *(Doc. 20)*. Plaintiffs move the Court to amend its judgment entered in its Memorandum Opinion and Order, filed October 13, 1999 *(Doc. 18)*. The Memorandum Opinion and Order granted Defendants' Motion to Dismiss, filed September 3, 1999 *(Doc. 16)*, because Plaintiffs failed to respond to that motion. Pursuant to FED. R. CIV. P. 59(e), 60(a), 60(b)(1) and 60(b)(6), Plaintiffs now seek to have their case reinstated in its entirety or at least partially. As their basis for this motion, Plaintiffs contend that their attorney inadvertently failed to respond to the motion to dismiss because of staffing problems.

**A.**    **Rule 59(e)**

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." In this case, Plaintiffs' Motion to Amend Judgment and to Reinstate was filed more than 10 days after the entry of judgment on October 13, 1999. The Court

cannot enlarge that 10 day period. FED. R. CIV. P. 6(b). Consequently, pursuant to Rule 59(e) this motion is untimely.

**B.     Rule 60(a)**

Rule 60(a) provides for relief from judgment when clerical mistakes are made through oversight or omission. However,

> a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented. . . . A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. . . . Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.

*Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993) (citations omitted). In other words, Rule 60(a) cannot be used to alter a judgment by "call[ing] into question the substantive correctness of the judgment. . . ." *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citations omitted).

In this case, Plaintiffs want to alter the judgment because their attorney inadvertently failed to respond to the motion to dismiss because of staffing problems. Plaintiffs do not claim that the Memorandum Opinion and Order is ambiguous or that an oversight or omission needs correction. Instead, Plaintiffs want to alter the substantive basis for the Memorandum Opinion and Order, namely Plaintiffs' failure to respond. This would require the Court to alter its judgment "to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Burton*, 975 F.2d at 694 (citation omitted). Rule 60(a) does not allow for that sort of amendment or alteration of a judgment. Consequently, I find that Rule 60(a) is inapplicable.

**C.    Rule 60(b)**

**1.    Rule 60(b)(1)**

Rule 60(b)(1) allows for relief from judgment when there has been "mistake, inadvertence, surprise, or excusable neglect."  Such relief is extraordinary and is only granted in exceptional circumstances.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted).  Reconsideration of a judgment under Rule 60(b)(1) is made only when "(1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Id*. at 576.  Here, Plaintiffs argue that an excusable litigation mistake occurred when staffing problems caused their attorney to not respond to the motion to dismiss.  Unfortunately for Plaintiffs "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (citation omitted). *See also* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 2858 at 277-80 (1995).  Rule 60(b)(1) is, therefore, inapplicable.

**2.    Rule 60(b)(6)**

Rule 60(b)(6) provides for relief from judgment when there is some other reason justifying such relief.  Relief will be awarded under Rule 60(b)(6) only in extraordinary situations. *Pelican*, 893 F.2d at 1147.  That is not the case here.  "There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court.  Moreover, [there is] nothing unfair about requiring a party to be bound by the actions of his attorney-agent." *Id*.  Rule 60(b)(6) is, likewise, not applicable.

**D.    Conclusion**

Rules 59(e), 60(a), 60(b)(1), and 60(b)(6) are not applicable to this case. Accordingly, Plaintiffs' Motion to Amend Judgment and to Reinstate is not well taken and will be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion to Amend Judgment and to Reinstate, filed *(Doc. 20)* is hereby **denied**.

DATED this 26th day of January, 2000.

                                                                                                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:        John Westerman
                                         Westerman Law Offices
                                         Farmington, New Mexico

Counsel for Defendants:       Phyllis A. Dow
                                         Assistant United States Attorney
                                         U. S. Attorney's Office
                                         Albuquerque, New Mexico